# James W. Woods and Edward H. Hobert, plaintiffs in error, *vs.* Jonathan Morgan and William Morgan, defendants in error.

## *Error to Desmoines*

A failure to enter a *similiter* to the defendants plea is not an error, for which a reversal can be asked.

A failure to convey, or an offer to convey, is no bar to the recovery on a negotiable note, given in consideration for the purchase of the land. The contracts are independent.

This was an action of assumpsit, brought by Jonathan and William

Morgan, on a promissory note executed by J. Weston Woods, and Edward Hobert for eighty-five dollars and seventy-five cents, payable six months after date, and dated Dec. 12, 1840.

The declaration contains but one count, in the usual form.

The defendants pleaded, that the plaintiffs ought not to recover, or maintain their action, because that the plaintiffs on the 12th day of December, 1840, by their writing obligatory, as the administrators of David James, bound themselves in the sum of $500 to said Woods and Hobert, their heirs, &c., conditioned, &c., to convey to said Woods and Hobert, seventeen acres of land, upon the payment of said note, on or before the 12th June, 1841, but if the note was not paid at maturity, the bond to be of no effect, &c. That the said plaintiffs had not made, or caused to be made, or offered or tendered said deed to said Woods and Hobert, and that the making and tendering said deed, was the consideration of said promissory note, concluding with a verification, &c.

The defendants also pleaded the general issue

To the first plea the plaintiffs demurred, and for special cause assigned:

1. That the plea was argumentative, that it stated what the defendant supposed was the legal effect and operation of the bond, set out in the plea.

2. That said plea was no defence to said action.

The demurrer was sustained, and the defendants excepted to the ruling of the court.

At the February term, 1842, the cause was submitted to the court, and a judgment rendered for $89,60 in favor of the plaintiffs.

The defendants then moved in arrest of judgement on the grounds that there was no issue joined, which motion was overruled.

The defendants bring the cause to this court by writ of error, and for cause of reversal.

Woods, attorney for plaintiff, assigns:

1. There was no issue joined by the parties, that the court could try.

2. That the court below erred in sustaining the demurrer of the plaintiff, to the defendants special plea, in as much as it was a full answer to the plaintiffs cause of action.

3. The court erred in not granting a new trial, there being no issue of fact or law, on which to try the case.

GRIMES & STARR, for defendants in error:

If the purchaser give a bill of exchange or other security, for the purchase money, payable at a certain day, he must pay it when due, and cannot resist the payment, even in the case of a bill of exchange, on the ground that there was no consideration for the drawing of the bill, because the seller has refused to convey the estate according to the agreement. But he will have his remedy upon the agreement for the non execution of the conveyance, Sugdon on Vend., 180. By the terms of the bond set out in the plea, the payment of the note was a condition precedent, to the making of the deed, and the deed should have been made and presented by the purchaser, Sugd. Ven. 181-2. The omission to add a common similter, cannot be assigned as error, 1 Blackf. Rep. 29.

PER CURIAM, MASON, CHIEF JUSTICE.—The first error assigned in this case is, that there was no issue joined. The Supreme Court in Illinois, has decided, that where parties appear, and go to trial without any plea at all being but in, it is such an irregularity as will be cured after verdict, by the statute of amendments. Breese's Reports, 14.—There appears to be good sense in that decision. But in the present case, the only defect seems to have been an omision of the similiter to a plea of the general issue. This we have often decided to be no substantial error.

But the principal point relied upon to obtain a reversal, is, that the court sustained the demurrer to the special plea. The plea alleged that the promissory note, on which the suit was brought, was given for the purchase money of a tract of land, which the defendants in error had bound themselves to convey to the plaintiffs in error, by a good warranty deed, upon the payment of said note, and that the said defendants in error had not made or tendered said deed. As a general rule, the vendor of real estate, cannot maintain his action for the purchase money, without having executed a conveyance, or offered to do so. The case however, is different, where the terms of the contract are such as to show a contrary intention in the parties. In this case the defendants below had given their promissory note, negotiable under the statute. In the hands of an assignee the action might clearly have been maintained, without any regard to the tender of a deed. The legitimate inference therefore is, that the defendants below, intended the contracts to be *independent,* and such is the established rule of law. See Sugden on Vendors, 180.

The judgment is affirmed.